THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICARDO RIVERA-MORENO, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | **Civil No. 19-1759 (ADC)** <br> **[Related to Crim. No. 07-121-11 (ADC)]** |

**OPINION AND ORDER**

Pending before the Court is petitioner Ricardo Rivera-Moreno's ("Petitioner") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. **ECF No. 3**. The government opposed. **ECF No. 14**. For the ensuing reasons, the Court **DENIES** Petitioner's motion.

I.  **Procedural History**

On February 19, 2008, Petitioner pled guilty to conspiracy to possess with intent to distribute narcotics. **Crim. No. 07-121, ECF Nos. 1, 1066.** On June 25, 2008, he was sentenced to 365 months of imprisonment[1] and a supervised release term of 180 months. **Crim. No. 07-121, ECF Nos. 1611, 1622**. He appealed and the First Circuit Court of Appeals affirmed. **Crim. No. 07-121, ECF Nos. 1628, 2016**.

On December 2, 2011, Petitioner filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 arguing that his counsel rendered ineffective assistance for

---

[1] Petitioner's term of imprisonment was reduced to 293 months pursuant to Amendment 782 to the United States Sentencing Guidelines. **Crim. No. 07-121, ECF No. 2592**.

failing to cross-examine a government witness and permitting prosecutorial misconduct to occur. **Civil No. 11-2166, ECF No. 1**. The Court denied it on the merits on July 3, 2014. **Civil No. 11-2166, ECF No. 20**. Petitioner did not appeal. On August 7, 2019, Petitioner filed this second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. **ECF No. 3**.

## II.     Discussion

It is well settled that "[a] federal prisoner seeking to file a second or successive § 2255 petition must first obtain authorization from the court of appeals to do so." *Bucci v. United States*, 809 F.3d 23, 25 (1st Cir. 2015) (*citing* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)). "Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court." *Id.* at 25-26 (*citing* 28 U.S.C. § 2255(h)). The First Circuit interpreted this provision "as stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward." *Id.* at 26 (*citing Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008)). As a result, "[w]hen faced with a second or successive § 2255 petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals." *Id.* "From the district court's perspective, these pre-clearance provisions are an allocation of subject-matter jurisdiction to the court of appeals." *United States v. Barrett*, 178 F.3d 178 F.3d 34, 41 (1st Cir. 1999).

Here, the record does not indicate that the First Circuit authorized Petitioner to file the current motion. A review of the First Circuit's docket also reveals that Petitioner did not seek its authorization to file the section 2255 petition. As a result, the Court does not have jurisdiction over the petition. Therefore, the Court must deny the petition. *See Bucci*, 809 F.3d at 26.

Besides, Petitioner's motion is untimely. Under § 2255, "[a] 1-year period of limitation shall apply to a motion under this section . . . ." *See* 28 U.S.C. § 2255(f). Typically, the limitation period runs from the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). The Supreme Court denied his writ of certiorari on November 8, 2010. *See Rivera-Moreno v. United States*, 562 U.S. 1035 (2010). Therefore, Petitioner's motion is untimely because he presented this § 2255 motion on September 7, 2019, which is way past the deadline of November 8, 2011.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's § 2255 motion. **ECF No. 3**. Moreover, the Court **DENIES** Petitioner's motion for appointment of counsel. **ECF No. 4**. The Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 8th day of June 2022.

                                                          **S/AIDA M. DELGADO-COLÓN**
                                                          **United States District Judge**